IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY TYRONE WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-cv-984 |
| ) | |
| CCA – CORPORATION OF AMERICA, ) | Judge Trauger |
| TERRY KINNAMON, Y. BERMUDEZ, and ) | |
| CHIEF PERRY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Larry Tyrone Watkins, a state inmate presently detained at the Metro-Davidson County Detention Facility in Nashville, Tennessee, which is operated by CCA, filed his *pro se* complaint in this action (ECF No. 1), seeking damages and other relief under 42 U.S.C. § 1983. Because the plaintiff is a prisoner who proceeds *in forma pauperis* against government officials, the complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.    FACTUAL ALLEGATIONS**

The plaintiff states that he is African American. He alleges that on June 21, 2012, he was involved in a minor altercation with a white inmate at the facility where he is incarcerated. The other inmate initiated the incident by making racist comments against the plaintiff, who told him to stop. The complaint, construed liberally, indicates that the other inmate picked up a chair and struck the plaintiff with it; the plaintiff does not allege that he suffered a significant injury, but does suggest that he later received medical attention. The plaintiff claims that he told ATU Manager Terry Kinnamon about the white inmate's racial epithets, but Kinnamon responded by stating "You all [act] like monkeys and ain't nothing but black drug dealing trash to just me." (ECF No. 1, at 5.) In return for the other inmate's having struck him with a chair, the plaintiff "playfully" struck the other inmate across the face. It is apparent from the grievance forms attached to the complaint that the plaintiff believes the incident, on both sides, amounted to horseplay.

The plaintiff's claims for relief are based upon his assertion that defendant Kinnamon wrote up the

plaintiff for striking the white inmate but did not write up the white inmate for initiating the incident by making racial slurs or for striking the plaintiff.  The plaintiff alleges that, as a result of the disciplinary write-up, he spent 45 days in segregation, lost 45 days of good time, and also was subject to other adverse consequences that were not permitted by prison policy.  The plaintiff further alleges that Kinnamon harassed him the day after he was placed in segregation by making additional racist comments to him.

The complaint contains no allegations directed specifically toward defendant Chief Perry, but it appears from documents attached to the complaint that Chief Perry upheld the denial of the plaintiff's grievances concerning the incident.  The only allegations in the complaint concerning Y. Bermudez are as follows: "Now I write Title VI complaint.  Y. Bermudez says ain't enough to prove.  So I wrote different staff members about the whole incident. . . .  Mr. Terry Kinnamon, Y. Bermudez, A/W Sausedo all could did [sic] a full investigation and wrote us both for horseplaying but they didn't." (ECF No. 1, at 5.)  The complaint contains no allegations regarding CCA, though in his claim for relief, the plaintiff demands that defendants Bermudez and Kinnamon "get proper training for their job title."  (ECF No. 1, at 5.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous.  Section 1915A(a) similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v.*

*M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. LAW AND ANALYSIS

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed. Claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be dismissed.

### A. The Claims Against Terry Kinnamon

The plaintiff in this case does not expressly identify the right or rights he believes have been violated, but his complaint is presented on a complaint form for claims under 42 U.S.C. § 1983 and makes reference to Title VI. Because Title VI claims cannot be asserted against an individual defendant, *see Sims v. Unified Gov't of Wyandotte Cnty.*, 120 F. Supp. 2d 938, 954 (D. Kan. 2000) (noting that "courts .. unanimously hold that Title VI actions cannot be brought against individuals who are not federal funds recipients"), the court construes the complaint liberally, as is appropriate for *pro se* pleadings, to state a claim against defendant Kinnamon under § 1983, based upon an alleged violation of the plaintiff's rights under the Equal Protection Clause.[1]

The Equal Protection Clause applies to states and requires that "all persons similarly situated should

---

[1] Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. The protection provided by Title VI is basically co-extensive with that provided by the equal protection clause. *See Elston v. Talladega Cnty. Bd. of Educ.*, 997 F.2d 1394, 1405 n.11 (11th Cir. 1993) (noting that Title VI "provides no more protection than the equal protection clause," and therefore that a separate discussion of the plaintiff's Title VI claims would "duplicate exactly our equal protection analysis").

be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); U.S. Const. amend. XIV. To state an equal-protection claim in the prison context, a plaintiff must allege that he was treated differently than other similarly situated prisoners, and that the discrimination was "purposeful." *McCleskey v. Kemp*, 481 U.S. 279, 292–93 (1987). The plaintiff must show that the disparate treatment was because of "some suspect classification, which is an essential element of an equal protection claim." *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992) (quoting *Booher v. U.S. Postal Serv.*, 843 F.2d 943, 944 (6th Cir. 1988)). Suspect classifications include those based on race, religion and national origin. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

The plaintiff alleges that Kinnamon treated him differently than a similarly situated white inmate who had engaged in basically identical behavior and used racial epithets against the plaintiff, and that the differential treatment was racially based. The plaintiff alleges that Kinnamon himself used racial slurs and went out of his way to harass the plaintiff on the basis of race, thereby giving rise to a reasonable inference that the disparate treatment by Kinnamon was racially motivated. The court finds that the plaintiff's allegations state a colorable claim against defendant Kinnamon for violation of his equal-protection rights.

### B. The Claims Against Bermudez and Perry

The complaint, however broadly construed, fails to state a colorable claim against defendants Bermudez or Perry, as it does not assert that these defendants were personally involved in the allegedly discriminatory acts. Bermudez and Perry appear to be supervisory officials. "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The plaintiff here has not alleged that Bermudez or Perry committed any discriminatory acts, nor has he averred that they acquiesced in the conduct of employees under their supervision.

Further, to the extent the plaintiff's claims against these defendants are based upon their failure to investigate or uphold his grievance, these allegations are not sufficient to state a claim under § 1983 either. *Cf. Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed

simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."). *See also Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir. 2006) (holding that allegations that the defendants failed to respond to plaintiff's letters and grievance and did not follow their own rules pertaining to responding to grievances did not state a claim under § 1983, because a prisoner does not have a constitutionally protected liberty interest in an inmate grievance procedure); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that the Constitution creates no entitlement to voluntarily established grievance procedure). The claims against Bermudez and Perry are therefore subject to summary dismissal.

### C. The Claims Against CCA

To the extent the plaintiff intended to state a claim under 42 U.S.C. § 2000d (Title VI), CCA, as an entity, is the only proper defendant as to such a claim. However, the complaint fails to state a claim against CCA based on either Title VI or the Equal Protection Clause, because the complaint does not contain any allegations that CCA's policies or procedures generally are discriminatory. In his claim for relief, the plaintiff demands training for the defendants, but the body of his complaint contains no factual allegations at all pertaining to CCA, and in particular no allegations regarding CCA's training of its employees. Rather, the plaintiff apparently seeks to hold CCA liable for the acts of its employees merely on the basis that CCA is the employer. Liability under either § 1983 or Title VI cannot be imputed to employers based on the actions of their employees; rather, the claim must be based on the discriminatory policies or actions of the entity itself. *See Grimes v. Superior Home Health Care of Middle Tenn., Inc.*, 929 F. Supp. 1088, 1092 (M.D. Tenn. 1996) ("To state a claim for damages under 42 U.S.C. § 2000d, *et seq.*, a plaintiff must allege that . . . the *entity* involved is engaging in racial discrimination. . . ." (emphasis added) (quoting *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994))); *Miller v. Calhoun Cnty.*, 408 F.3d at 817 n.3 (*respondeat superior* liability is not available under § 1983). Accordingly, the court finds that the complaint fails to state a claim against CCA.

### IV. CONCLUSION

For the reasons set forth herein, the claims against defendant Kinnamon will be permitted to proceed.

The claims against the remaining defendants will be dismissed for failure to state a claim upon which relief may be granted. An appropriate order will enter.

                                                Aleta A. Trauger
                                                United States District Judge